UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>Plaintiff,<br><br>v.<br><br>NESTLE CORPORATION, et al.,<br><br>Defendants. | Case No. 1:20-cv-00511-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS** (Doc. 35)<br><br>**ORDER GRANTING PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO FILE FOURTH AMENDED COMPLAINT** |

On October 14, 2021, the Court issued a second screening order finding that Plaintiff's third amended complaint fails to state a claim on which relief can be granted. (Doc. 27.) The Court directed Plaintiff to file a fourth amended complaint curing the deficiencies in his pleading or a notice of voluntary dismissal within 21 days (*Id.* at 9.) Plaintiff has since been granted three extensions of time within to file his fourth amended complaint. (Docs. 30, 32, 34.) On March 31, 2022, Plaintiff filed a "Motion for Nunc Pro Tunc Order to Stay this Case Pending the Plaintiff's Upcoming Release." (Doc. 35.) The Court will deny the motion and extend the time within which Plaintiff may file his fourth amended complaint.

//

//

1

### I.  MOTION FOR STAY OF PROCEEDINGS

Plaintiff contends he is due to be released from prison to a community reentry program in April 2022. (Doc. 35 at 1, 2-3.) Plaintiff contends he has been unable to cure the deficiencies in his complaint due to an inability to access the law library since January of this year due to a COVID-19 omicron variant surge at his institution. (*Id*. at 3.) Plaintiff anticipates the ability to use the "Los Angeles Law Library" to conduct further legal research considering his upcoming April release to the community reentry program. (*Id*.) Plaintiff does not state the precise length of time he seeks to stay the action, but claims the need for "a great amount of additional time." (*Id*.) Plaintiff contends his request is "not made for any purpose of harassment, undue delay or any other improper reason." (*Id*. at 3.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

Here, Plaintiff has not carried his burden of establishing the need to stay this action.  The Court, however, finds it appropriate to grant Plaintiff a further extension of time within which to prepare, complete, and file his fourth amended complaint. The Court finds that in this instance, an extension of ninety (90) days is appropriate.

Plaintiff is reminded of his duty to keep the Court apprised as to any change of address. *See* Local Rules 182(f) & 183(b).

### II.  CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay (Doc. 35) is DENIED; and
2. Within **ninety (90) days** from the date of service of this order, Plaintiff shall file a fourth amended complaint (or a notice of voluntary dismissal pursuant to Federal Rule of Civil

2

Procedure 41(a)(1)(A)(i)).

**If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **April 4, 2022**                           /s/ *Sheila K. Oberto*                  
                                                                    UNITED STATES MAGISTRATE JUDGE