UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>          Plaintiff,<br><br>     v.<br><br>NESTLE CORPORATION, et al.,<br><br>          Defendants. | Case No.  1:20-cv-00511-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO FILE FOURTH AMENDED COMPLAINT**<br><br>**21-DAY DEADLINE** |

Plaintiff Andre Kenneth Stuckey is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On October 14, 2021, the Court issued a second screening order finding that Plaintiff's third amended complaint failed to state a claim on which relief can be granted. (Doc. 27.) The Court directed Plaintiff to file a fourth amended complaint curing the deficiencies in his pleading or a notice of voluntary dismissal within 21 days (*Id.* at 9.)  Plaintiff was then granted four extensions of time within to file his fourth amended complaint. (Docs. 30, 32, 34, 36.)

In its April 5, 2022 Order—the most recent order granting Plaintiff an extension of time— the Court provided Plaintiff with an additional 90 days from the date of service of the order, within which to file the fourth amended complaint. (Doc. 26 at 2-3.) Plaintiff was cautioned that

1

his failure to file an amended complaint would result in a recommendation that this action be dismissed for a failure to prosecute and a failure to obey court orders. (*Id.* at 3.) Plaintiff has nonetheless failed to file a fourth amended complaint, and the time to do so has now passed.[1]

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with the Court's April 5, 2022, order. Plaintiff did not file a fourth amended complaint within 90 days of service of that order, and in failing to comply with the Court's order, Plaintiff has failed to prosecute this action.

## III. CONCLUSION AND ORDER

For the reasons stated above, the Court ORDERS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's April 5, 2022, order.

//
//
//
//

---

[1] The period from 4/5/22 to 7/11/22 equals 97 days.

2

**WARNING: Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders and for a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 11, 2022**                         /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE