UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>Plaintiff,<br><br>v.<br><br>NESTLE CORPORATION, et al.,<br><br>Defendants. | Case No.  1:20-cv-00511-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk to Assign District Judge |

Plaintiff Andre Kenneth Stuckey is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff filed this action on April 10, 2020. (Doc. 1.)[1] Following the Court's first screening order (Doc. 17) on September 25, 2020, Plaintiff filed a third amended complaint on October 5, 2020 (Doc. 19).

On August 25, 2021, this Court denied Plaintiff's motion to certify the case as a class action and for leave to file a class action complaint. (Doc. 26.)

//

---

[1] Plaintiff amended his complaint twice prior to screening. (*See* Docs. 13 & 15.)

1

On October 14, 2021, the Court issued a second screening order finding that Plaintiff's third amended complaint failed to state a claim upon which relief can be granted. (Doc. 27.) The Court directed Plaintiff to file a fourth amended complaint curing the deficiencies in his pleading or a notice of voluntary dismissal, within 21 days (*Id.* at 9.)

On November 24, 2021, when Plaintiff failed to file his fourth amended complaint, an Order to Show Cause (OSC) issued. Plaintiff was given 21 days within which to respond in writing. (Doc. 28.)

On December 17, 2021, the Court discharged the OSC following Plaintiff's motion for a 30-day extension of time, (Doc. 29), to comply with the second screening order. (Doc. 30.) Plaintiff was ordered to file the fourth amended complaint no later than January 12, 2022. (*Id.* at 1-2.)

On January 10, 2022, Plaintiff moved for a second extension of time of 30 days. (Doc. 31.) The Court granted the motion and directed Plaintiff to file his fourth amended complaint no later than February 11, 2022. (Doc. 32.)

On February 9, 2022, Plaintiff moved for a third extension of time. (Doc. 33.) The Court granted the extension and ordered Plaintiff to file his fourth amended complaint by March 25, 2022. (Doc. 34.)  On March 30, 2022, Plaintiff filed a document titled "Plaintiff's Motion for Nunc Pro Tunc Order to Stay this Case Pending the Plaintiff's Upcoming Release." (Doc. 35.)

On April 5, 2022, the Court denied Plaintiff's motion for stay, and granted a fourth extension of time within which to file a fourth amended complaint. (Doc. 36.) The Court provided Plaintiff an additional 90 days from the date of service of the order within which to file his fourth amended complaint. (*Id.* at 2-3.) Plaintiff was cautioned that his failure to file an amended complaint would result in a recommendation that this action be dismissed for a failure to prosecute and a failure to obey court orders. (*Id.* at 3.)

After more than 90 days passed without Plaintiff filing his fourth amended complaint, the Court issued another OSC, requiring Plaintiff to respond in writing to show cause why the action should not be dismissed for his failure to comply. (Doc. 37.) Plaintiff was afforded 21 days within which to reply to the OSC. (*Id.* at 2.)

More than 21 days[2] have passed without a response from Plaintiff. The Court's docket reflects that mail directed to Plaintiff at Pelican Bay State Prison was returned to this Court marked "Undeliverable, RTS, Not Deliverable" as of July 29, 2022.

Because Plaintiff has failed to comply with this Court's orders and has failed to prosecute this action, the Court will recommend the action be dismissed.

## II.   DISCUSSION

### A.   Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.   Analysis

Plaintiff has failed to comply with the Court's April 5 and July 11, 2022, orders. In October 2021, Plaintiff was ordered to file a fourth amended complaint, curing the deficiencies

---

[2] 8/8/22 – 7/11/22 = 28 days.

3

identified in the Court's second screening order. (Doc. 27.) Despite having been afforded more than 160 days within which to comply,[3] Plaintiff failed to file his fourth amended complaint. When afforded another 90 days within which to file the fourth amended complaint, Plaintiff again failed to respond in any way. That failure led to the issuance of another OSC, affording Plaintiff 21 additional days within which to respond in writing. Plaintiff again failed to respond. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case—as Plaintiff has done here. The Court therefore finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction—where more than 270 days[4] have elapsed following the Court's second screening order permitting the filing of a fourth amended complaint—amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants. *Anderson v. Air W.*, 542 F.2d at 524; *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted); *Henderson v. Duncan*, 779 F.2d at 1424. Despite his responsibility, Plaintiff has made little to no effort to move this case forward, and his failure to respond impedes progress toward disposition on the merits. Thus, the fourth factor weighs in favor of dismissal.

Regarding the last factor, a court's warning to a party that failure to obey the court's order

---

[3] 3/25/22 (date 4AC due following four EOTs) – 10/14/21 (second screening order) = 162 days.

[4] 8/8/22 (today's date) – 11/4/21 (original due date following second screening order) = 277 days.

1  will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963
2  F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In its April 5, 2022
3  Order, the Court stated: "**If Plaintiff fails to file an amended complaint in compliance with**
4  **this order, the Court will recommend dismissal of this action, with prejudice, for failure to**
5  **obey a court order and failure to state a claim**." (Doc. 36 at 3.) Additionally, the Court's OSC
6  of July 11, 2022, included the following: "**WARNING: Failure to comply with this order will**
7  **result in a recommendation that this action be dismissed for failure to obey court orders**
8  **and for a failure to prosecute**." (Doc. 37 at 3.)[5] Thus, the fifth factor weighs in favor of
9  dismissal because Plaintiff has received adequate warning that dismissal could result from his
10 noncompliance.
11     In sum, Plaintiff has failed to comply with the applicable Local Rules and this Court's
12 specific orders. In so doing, Plaintiff fails to prosecute this action. *Ferdik*, 963 F.2d at 1260-61;
13 *Henderson v. Duncan*, 779 F.2d at 1424. As a result, the undersigned will recommend this action
14 be dismissed.

### III.   CONCLUSION AND RECOMMENDATIONS

16 For the reasons set forth above, the Court **RECOMMENDS** that this action be
17 **DISMISSED**, without prejudice, for Plaintiff's failure to prosecute and failure to obey court
18 orders. The Clerk of the Court is DIRECTED to assign a District Judge to this action.
19 These Findings and Recommendations will be submitted to the United States District
20 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
21 of the date of service of these Findings and Recommendations, Plaintiff may file written
22 objections with the Court. The document should be captioned, "Objections to Magistrate Judge's
23 Findings and Recommendations." Plaintiff's failure to file objections within the specified time

25 //
26 //

---

[5] Plaintiff was also warned that dismissal could result for a failure to obey court orders when the Court granted his three previous motions for extension of time. (*See* Doc. 30 at 2; Doc. 32 at 2; Doc. 34 at 2.)

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 9, 2022**                              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE